10-2290-ag
Wang v. Holder

BIA
A070 897 530

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of October, two thousand eleven.

PRESENT:
        RALPH K. WINTER,
        JOSÉ A. CABRANES,
        RAYMOND J. LOHIER, JR.,
            *Circuit Judges.*

_____

JIAN-GUANG WANG,
      *Petitioner,*

      v.                   10-2290-ag
                              NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Theodore N. Cox, New York, New York

FOR RESPONDENT:     Tony West, Assistant Attorney General; Russell J.E. Verby, Senior Litigation Counsel; Jennifer R. Khouri, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is GRANTED.

Jian-Guang Wang, a native and citizen of the People's Republic of China, seeks review of a May 20, 2010, order of the BIA denying his motion to reopen. *In re Jian-Guang Wang*, No. A070 897 530 (B.I.A. May 20, 2010).  We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored."  *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)).  There is no dispute that Wang's 2009 motion to reopen was untimely because he was ordered removed *in absentia* in 1996 and the BIA affirmed an immigration judge's denial of his first motion to rescind and reopen in 2002.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).  Wang contends that the time and number limitations do not apply to his motion to reopen as it is "based on changed country conditions arising in the

2

country of nationality," 8 U.S.C. § 1229a(c)(7)(C)(ii); *see* 8 C.F.R. § 1003.2(c)(3)(ii).

Wang asserts that he has a well-founded fear of future persecution based on his baptism and increased practice of Christianity beginning in 2009. This change in personal circumstances is insufficient to establish an exception to the filing deadline for motions to reopen. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008)(citing *Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006)). However, we have not squarely addressed the question of "whether a petitioner whose changed *personal* conditions (which result in his falling into a category of individuals threatened by changed *country* conditions) can rely on those changed country conditions in an untimely motion to reopen where the underlying change in personal conditions postdated his order to depart." *Fong Chen v. Gonzales*, 490 F.3d 180, 184 (2d Cir. 2007) (per curiam) (emphasis in original), *superseded on other grounds by Fong Chen v. Mukasey*, 255 F. App'x 573 (2d Cir. 2007) (unpublished). "On the one hand, the BIA abuses its discretion if it fails completely to address evidence of changed country conditions." *Wei Guang Wang*, 437 F.3d at 275. On the other, this Court has viewed with

3

disfavor an alien's effort to leverage a "self-induced change in personal circumstances" into new eligibility for relief following an order of removal. *Id.* at 274 (noting that "apparent gaming of the system in an effort to avoid [removal] is not tolerated by the existing regulatory scheme"); *see also Yuen Jin*, 538 F.3d at 155 (recognizing that if relief could be granted based on such a change, "[a]liens would have every incentive to disregard their removal orders and remain in the United States long enough to change their personal circumstances (e.g., by having children or practicing a persecuted religion) and initiate new proceedings via a new asylum application."). However, in *Wei Guang Wang*, this Court went on to review the merits of the agency's country conditions determination. *See Wei Guang Wang*, 437 F.3d at 274-76.

Here, the discrepancy regarding whether Wang was from Fujian or Zhejiang province was not a sufficient basis for the BIA to disregard the country conditions evidence because Wang asserted that conditions had worsened throughout China, the country conditions evidence contains information about enforcement in both Fujian and Zhejiang provinces, and, although Wang's motion papers indicated that he is from

4

Fujian province, all other documents in the record indicate that he is from Zhejiang province. Because the BIA failed to consider any of the more than 100 pages of country conditions evidence that Wang submitted, we remand for the BIA to consider whether Wang established changed country conditions in China, *see Tian-Yong Chen v. INS*, 359 F.3d 121, 128 (2d Cir. 2004) (remanding because the BIA failed to consider evidence supporting the petitioner's claim), or to explain whether it is the agency's position that, even assuming changed country conditions, a change in personal circumstances which corresponds with the changed conditions is an insufficient basis for reopening.

For the foregoing reasons, the petition for review is GRANTED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5